UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-3376-MWF-PJW                    **Date:** June 15, 2020
**Title:**   Roger Bourban v. AXA Equitable Life Insurance Company, et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: MOTION TO REMAND [10]

Before the Court is Plaintiff Roger Bourban's Motion to Remand, filed on May 5, 2020. (Docket No. 10). On May 18, 2020, Defendant AXA Equitable Life Insurance Company ("AXA") filed an Opposition. (Docket No. 13). Plaintiff filed a Reply on May 22, 2020. (Docket No. 14).

The Motion was noticed to be heard on June 8, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also consistent with the Court's Continuity of Operations Plan arising from the COVID-19 emergency.

For the reasons set forth below, the Motion is **DENIED**. The Complaint alleges complete diversity between the parties and damages in excess of $75,000, which is sufficient to confer diversity jurisdiction upon this Court.

I.   **BACKGROUND**

Plaintiff commenced this action on March 13, 2020 in the Los Angeles County Superior Court. (Complaint (Docket No. 1, Ex. A)). The action was timely removed on April 10, 2020, pursuant to this Court's diversity jurisdiction. (*See* Notice of Removal ("NoR") at 1 (Docket No. 1)).

The Complaint contains the following allegations:

---

**CIVIL MINUTES—GENERAL**                                                                   1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-3376-MWF-PJW                                   Date:  June 15, 2020
Title:     Roger Bourban v. AXA Equitable Life Insurance Company, et al.

    Plaintiff is and all relevant times was a citizen of California residing in Los Angeles County.  (Complaint ¶ 1).  In 1983, he purchased disability insurance from The Equitable, which has since been taken over by AXA.  (*Id.* ¶ 6).

    In 1992, Plaintiff took a bad fall and suffered serious injuries to his spine.  (*Id.* ¶ 8).  His doctors diagnose him with a "total and permanent" disability.  (*Id.*).  Plaintiff submitted a claim to Defendant, and Plaintiff began receiving his monthly benefit from his disability insurance policy in 1994.  (*Id.* ¶¶ 9, 10).  Unbeknownst to Plaintiff, Defendant classified Plaintiff's disability as resulting from sickness rather than from an accident.  (*Id.* ¶ 11).  Defendant did so because the policy paid its benefit only to age 70 if the disability resulted from sickness, while it paid the benefit for life if the disability resulted from an accident.  (*Id.*).

    In October 2018, Defendant informed Plaintiff that the benefit was no longer payable because Plaintiff turned 70.  (*Id.* ¶ 12).  Defendant knew that its wrongful conduct would not only damage Plaintiff's ability to support himself but would exacerbate his emotional and mental distress.  (*Id.* ¶ 13).  Indeed, Plaintiff was stunned by the unexpected termination of the Policy's benefit.  (*Id.* ¶ 14).

    Based on the above allegations, the Complaint asserts two claims for relief: (1) breach of the contractual duty to pay a covered insurance claim; and (2) breach of the duty of good faith and fair dealing.  (*Id*. ¶¶ 15-25).

## II.  DISCUSSION

    The parties do not dispute diversity of citizenship.  The Court also determines that there is complete diversity.  The Complaint alleges that Plaintiff is a citizen of California.  (Complaint ¶ 1).  The Notice of Removal asserts that Defendant is a citizen of New York.  (NoR at 4).  Accordingly, the only disputed issue is the amount in controversy.

    "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

---

**CIVIL MINUTES—GENERAL**                                                                                     2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-3376-MWF-PJW            **Date:** June 15, 2020
**Title:**      Roger Bourban v. AXA Equitable Life Insurance Company, et al.

U.S. 81, 87 (2014). However, "when a defendant's assertion of the amount in controversy is challenged[,] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* Moreover, "when the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015).

In his Complaint, Plaintiff seeks (1) past benefit due under the Policy; (2) future benefits due under the Policy, upon a finding of bad faith; (3) general damages, including mental and emotional distress; (4) attorneys' fees; (5) punitive damages, upon a finding of bad faith committed with malice, oppression, or fraud; and (6) trebling of statutory damages, including punitive damages, as provided by California Civil Code section 3345, for engaging in unfair or deceptive practices against a disabled person. (Complaint at 6, Prayer for Relief).

### A. Past Policy Benefits

The Complaint seeks "[p]ast benefits due under the Policy," but does not specify the amount. (*See* Complaint at 6, Prayer for Relief). In the Notice of Removal, Defendant calculates that approximately $17,000 in policy benefits have accrued as of the filing of the Complaint. (NoR at 3). Plaintiff does not dispute this amount. (Motion at 3, 5).

Therefore, Defendant has demonstrated that the past policy benefit accounts for $17,000 in controversy.

### B. Future Policy Benefits

In its Notice of Removal, Defendant asserts that Plaintiff's future policy benefits alone would exceed $75,000. (NoR at 3). In response, Plaintiff argues that (1) future benefits should not be considered in the amount-in-controversy analysis as a matter of law; and (2) even if the future benefits could be considered, "procedural and evidentiary hurdles make bad faith damages highly uncertain in most cases," and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-3376-MWF-PJW                  **Date:** June 15, 2020
**Title:** Roger Bourban v. AXA Equitable Life Insurance Company, et al.

Defendant submitted "no supportable amount and no supporting facts" regarding the amount of the future policy benefits. (Motion at 6).

      The Court first examines whether future benefits should be included in the calculation of the amount in controversy as a matter of law. Plaintiff primarily relies on *Commercial Casualty Insurance Company v. Fowles*, 154 F.2d 884 (9th Cir. 1946), which held that "future benefits" should not be included in the amount in controversy analysis when a plaintiff seeks such a benefit under a contract claim. *Id.* at 886. The Ninth Circuit reasoned that this amount should not be included because "no right to such 'future benefits' existed at the time the action was commenced." *Id.*

      However, several district courts have held that the reasoning in *Fowles* does not apply when a plaintiff seeks future benefits based on a ***tort*** claim rather than a ***contract*** claim. For example, the district court in *Albino v. Standard Ins. Co.* held that future benefits may be included in the amount in controversy calculation if the relief is sought through a tortious theory of recovery, such as a claim for tortious breach of implied covenant of good faith and fair dealing. 349 F. Supp. 2d 1334, 1340 (C.D. Cal. 2004). In reaching this conclusion, the court recognized that, under *Fowles*, future benefits may not be included in the calculation where the plaintiff asserts a ***contractual*** theory of recovery. *Id.* at 1339. However, under California insurance law, if a plaintiff prevails on a tort claim for breach of the covenant of good faith and fair dealing, a jury may award as compensatory damages a single payment for the net present value of future benefits. *See Albino*, 349 F. Supp. 2d at 1340 (*citing Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 824, n.7, 169 Cal. Rptr. 691 (1979); *Pistorious v. Prudential Ins. Co. of Am.*, 176 Cal. Rptr. 660, 665–666 (1981)). Because courts may properly consider compensatory damages claimed in making the amount-in-controversy determination, the *Albino* court reasoned that future benefits recoverable under California law as compensatory damages are properly considered. *Id.*

      Other courts in this district have accepted this reasoning. *See, e.g., Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1249–50 (C.D. Cal. 2012) ("The present value of future damages must be included in the amount in controversy calculation because Cain seeks tort damages for bad faith and such damages are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-3376-MWF-PJW **Date:** June 15, 2020
**Title:** Roger Bourban v. AXA Equitable Life Insurance Company, et al.

permitted under California law if she prevails on her bad faith claim."); *Celestine v. Metro. Life Ins. Co.,* No. CV1109363GAFJCGX, 2012 WL 12884915, at *5 (C.D. Cal. Jan. 5, 2012) ("The Court is persuaded by the *Albino* court's reasoning. . . . Here, Plaintiff pursues a colorable claim for tortious bad faith in the denial of insurance benefits, and seeks recovery of future benefits. [T]he Court has no difficulty concluding that the addition of future benefits claimed places the minimum jurisdictional amount in controversy in this case.").

The Court is similarly persuaded by the *Albino* court's reasoning and determines that future benefits may be included in the amount in controversy calculation if Plaintiff pursues the relief under a bad faith claim. Because Plaintiff asserts a claim for breach of covenant of good faith and fair dealing, and seeks future benefits based on this tort claim, future benefits may be included in the amount in controversy calculation here.

Even if future benefits may be considered, Plaintiff argues that "procedural and evidentiary hurdles make bad faith damages highly uncertain in most cases." (Motion at 6). This argument is not persuasive. The "amount in controversy" merely refers to the amount that is put at issue in the litigation, not what plaintiffs will recover. *See Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (internal citations omitted). Therefore, Defendant only needs to demonstrate that Plaintiff's allegations place more than $75,000 in controversy.

Plaintiff further argues that Defendant still failed to meet its burden because it submitted "no supportable amount and no supporting facts" regarding the amount of the future policy benefits. (Motion at 6). The Court disagrees. In the Notice of Removal, Defendant asserts that Plaintiff is approximately 71 years, 10 months old, and based on the Social Security Administration's Life Expectancy Calculator, a man of his age has a life expectancy of 13.9 years, to age 85.8. (NoR at 3). Therefore, with a policy benefit of $1,000 per month for the remainder of Plaintiff's lifetime, Defendant asserts that the future policy benefit would equal approximately $166,800

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-3376-MWF-PJW                        **Date:** June 15, 2020
**Title:**      Roger Bourban v. AXA Equitable Life Insurance Company, et al.

($1,000 * 12 months * 13.9 years). (*Id.*). Applying a 5% discount rate to adjust for the present value of that stream of payments, Defendant asserts that the value of future policy benefits equals approximately $119,000. (*Id.*). Therefore, Defendant has provided "supporting facts" to assert that future benefits will result in $119,000 in amount in controversy.

       Plaintiff also faults Defendant for projecting Plaintiff's life expectancy "based on a generic online life expectancy calculator of [Defendant's] choosing." (Motion at 6). However, the court may take judicial notice of a standard life expectancy table taken from an official governmental agency. *See Ehrlich v. Cent. Transp., LLC*, No. 3:13-CV-23, 2014 WL 1404701, at *3 (N.D.W. Va. Apr. 10, 2014) ("In this case, Plaintiff requests that this Court take judicial notice of the Social Security Administration's standard mortality table. The court will take judicial notice of a standard life expectancy table, taken from an official governmental agency, because its accuracy can be readily determined from sources that cannot reasonably be questioned."); *see also Crane v. Crest Tankers, Inc.*, 47 F.3d 292, 295 (8th Cir. 1995) ("It has long been held that life expectancy tables are admissible in damage actions for the 'consideration of the probabilities of damage over a period of years.'").

       Therefore, the Court determines that Defendant has met its burden of demonstrating that past policy benefit accounts for $17,000 in controversy and future policy benefit accounts for $119,000 in controversy. Because Plaintiff's claims for contract benefits alone exceeds the jurisdictional threshold of $75,000, the Court need not examine Plaintiff's other requested relief, including attorneys' fees, emotional distress damages, and punitive damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-3376-MWF-PJW            **Date:** June 15, 2020
**Title:**      Roger Bourban v. AXA Equitable Life Insurance Company, et al.

## III. CONCLUSION

For the reasons set forth above, the Court determines that complete diversity exists and the amount in controversy exceeds $75,000. Therefore, Plaintiff's Motion to Remand is **DENIED**.

Pursuant to the parties' stipulation, Defendant shall respond to the Complaint on or before **July 1, 2020**. (Docket Nos, 16, 17).

IT IS SO ORDERED.